IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER R. HALL,** : <br>     **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **SHAWN NISBET,** *et al.*, : <br>     **Defendants.** : | **CIVIL ACTION NO. 24-CV-3301** |

## ORDER

AND NOW, this 23rd day of August, 2024, upon consideration of Christopher R. Hall's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), *pro se* Complaint (ECF No. 2), and Motion for Permanent Injunction (ECF No. 6), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Christopher R. Hall, #QA-1874, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Waymart or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hall's inmate account; or (b) the average monthly balance in Hall's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hall's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Hall's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

   3.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Waymart.

   4.  The Complaint is **DEEMED** filed.

   5.  Hall's Motion for Permanent Injunction (ECF No. 6) is **DENIED**.[1]

   6.  The Clerk of Court is **DIRECTED** to **RESEND** a copy of the Notice of Guidelines for Representing Yourself (Appearing "*Pro Se*") in Federal Court (ECF No. 4) to Hall using the proper Court Control Number.

   7.  For the reasons stated in the Memorandum, Hall's Complaint is dismissed as follows:

---

[1] Hall appears to be confused regarding the mail that was returned.  It appears that the Court's Notice of Guidelines for Representing Yourself (Appearing "*Pro Se*") in Federal Court (ECF No. 4) was not delivered due to a lack of the proper Court Control Number.  It will be resent to Hall.

In any event, Pennsylvania Department of Corrections ("DOC") mail policy, DC-ADM 803, states that "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center" as follows:

  Smart Communications/PA-DOC
  Inmate Name/Inmate Number
  Institution Name
  P.O. Box 33028
  St. Petersburg, FL  33733

The DOC's website clarifies that attorneys who are not representing an inmate, such as any defense counsel that may enter an appearance in a case, must send documents to the inmate via Smart Communications, using the address listed above.  *See* https://www.cor.pa.gov/Pages/Mail.aspx (last visited Aug. 23, 2024).  No defense counsel has entered an appearance in this case.

    a. The Fourth Amendment claim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

    b. The Eighth Amendment claim, as well as the supervisory liability claim, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

    c. The dismissal of the Fourth Amendment, Eighth Amendment, and supervisory liability claims is without prejudice to Hall filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

    d. The Fourteenth Amendment claim and any claims against the Abington Police Department are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

8. The Clerk of Court shall **CLOSE** this case.

                                        **BY THE COURT:**

                              /s/ John Milton Younge
                              **JOHN MILTON YOUNGE, J.**